## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDDIE O. CASTELLO, III,** Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4507** |
| **THE ARMY CORPS OF ENGINEERS, ET AL.,** Defendants | **SECTION: "E" (2)** |

### ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendants Louisiana Mid-Continent Oil and Gas Association and Louisiana Oil & Gas Association pursuant to Federal Rules of Civil Procedure 12(b)(6).[1] The motion is opposed.[2] For the following reasons, the motion is **GRANTED.**

### FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2018, Plaintiff Freddie Castello, III, filed this action on behalf of himself and the taxpayers of Louisiana against Defendants Army Corps of Engineers, Louisiana Mid-Continent Oil and Gas Association ("LMOGA"), and Louisiana Oil & Gas Association ("LOGA").[3] He alleges he submitted a proposal to the Army Corps of Engineers that would purportedly mitigate coastal erosion.[4] Plaintiff brings claims under the Administrative Procedure Act ("APA") and the Coastal Zone Management Act.[5] On July 24, 2018,

---

[1] R. Doc. 15.
[2] R. Doc. 20.
[3] R. Doc. 1.
[4] *Id.* at 2.
[5] *Id.* Plaintiffs purports to brings claims under "Environmental Quality Title 33 (294)," "Abandonment of the Site 1104," "Fee System 1309," and "Technical Analysis. *Id.* (capitalization omitted). This Court cannot ascertain the legal basis for these claims.

Defendants LMOGA and LOGA filed a motion to dismiss Plaintiff's claims with respect to them for failure to state a claim.[6] Plaintiff filed an opposition on August 15, 2018.[7]

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] However, the court does not accept as true legal conclusions or mere conclusory statements,[11] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[12] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[13]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[14] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

---

[6] R. Doc. 15.
[7] R. Doc. 20.
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[10] *Id.*
[11] *Id.*
[12] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[13] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[14] *Twombly*, 550 U.S. at 555.

'show[n]'—that the pleader is entitled to relief."[15] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[16]

## LAW AND ANALYSIS

Plaintiff brings claims against LOGA and LMOGA pursuant to the APA.[17] The APA authorizes judicial review of actions by federal agencies.[18] It does not authorize suit against nonfederal entities.[19] In his complaint, Plaintiff does not assert LOGA and LMOGA are federal agencies subject to the APA. Defendants assert they are registered with the Louisiana Secretary of State as Louisiana non-profit corporations.[20]

Plaintiff has failed to set forth factual allegations that would entitle him to relief under the APA. None of the facts alleged allow this Court to draw the reasonable inference Defendants are federal agencies subject to the APA. As a result, Plaintiff's cause of action under the Administrative Procedure Act must be dismissed.

Plaintiff also brings claims against LOGA and LMOGA pursuant to the Coastal Zone Management Act. The Coastal Zone Management Act creates a framework for states to develop and implement coastal-zone management programs to protect ecological resources.[21] The Act does not create a private right of action.[22] Plaintiff does not argue he has a right of action under the Act, and he alleges no facts that would allow this Court to

---

[15] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[16] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[17] R. Doc. 51.
[18] 5 U.S.C. §§ 701(b)(1); 702.
[19] *Friends of Lydia Ann Channel v. United States Army Corps of Engineers*, 701 F. App'x 352, 358 (5th Cir. 2017) ("[I]t is well settled that suits under the APA may not be pursued against nonfederal entities.")
[20] R. Doc. 15-1 at 4.
[21] 16 U.S.C. § 1451 *et seq.*
[22] *See Coastal Habitat All. v. Patterson*, 385 F. App'x 358, 360 (5th Cir. 2010) ("As the duties outlined in the [Coastal Zone Management] Act are directed primarily at the Secretary [of the Interior], we do not find . . . [it] giv[es] rise to a private-party preemptive "procedural right" of enforcement.").

infer that he has such a right. As a result, Plaintiff's cause of action under the Coastal Zone Management Act must be dismissed.

The Court notes Plaintiff does not mention Defendants LOGA and LMOGA in his statement of jurisdiction and prayer for relief. Nowhere in his complaint does he state any factual allegation of any action or conduct by LOGA or LMOGA or any harm he has suffered because of LOGA or LMOGA. As a result, Plaintiff has failed to assert factual allegations that would entitle him to any relief against LOGA or LMOGA. Any remaining cause of action Plaintiff asserts must be dismissed.

## CONCLUSION

**IT IS ORDERED** that the motion of Defendants Louisiana Mid-Continent Oil and Gas Association ("LMOGA") and Louisiana Oil & Gas Association ("LOGA") to dismiss all claims of Plaintiff Freddie O. Castello, III against them for failure to state a claim is **GRANTED**.[23]

**IT IS FURTHER ORDERED** that Plaintiff's claims against LMOGA and LOGA are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 23rd day of August, 2018.**

                                            *Susie Morgan*
                                           **SUSIE MORGAN**
                                **UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. 15.